Judge Rowan
delivered the opinion of the court.
This ivas an action of trespass brought by appellee against appellant, for shooting and killing a stud horse; — Plea, not guilty, and joined. Verdict for $500: judgment and appeal.
In the progress of the trial, plaintiff offered to read the depositions of two witnesses who resided in the state of Indiana, in which state tiie depositions had been taken. Defendant objected to their being read, because, 1st, the de-dimus under which they were taken did not contain the names of the magistrates before whom they were taken, but was in that respect blank. 2d. Because one of the depositions was not subscribed by the witness. The magistrates had certified, that pursuant to the dedimus, they had taken the depositions aforesaid, and certified that they had pach been regularly sworn, by them, to his deposition. The court overruled the objection, and permitted the depositions to be read in evidence — to which defendant excepted. Defendant asked a witness what was the general character of one of the deponents aforesaid. Plaintiff objected to the generality of the question, and the court restricted the enquiry "to his general character as a man of truth, or en-to credit when upon oath. To which defendant al-s0 excepted. Defendant moved for a new trial, and the court overruled his motion. The errors assigned,. question the correctness of the opinion of the judge below, up-ai! the foreS°inS points»
The objection to the blank in the dedimus frivolous *591 áven in its character of an objection to form, to merit refutation. The failure of the witness to subscribe his name to his deposition would, according to some old opinions, have been a valid objection against its being used as evidence in the cause; this signature was required, according to those Opinions, to his deposition, that he might thereby be, in a prosecution for perjury therein, the more easily identified. But the force of that opinion has not, by modern judges, been so distinctly perceived, and they have, relying upon other more certain modes of identification, dispensed with the rule, and permitted depositions, regular in other respects, to be read as evidence, notwithstanding the deponents should have omitted to subscribe their names thereto.
It is nd objection to a deposition if the deponent omits to subscribe Lt:vide snte, Graham vs.Hack* with, acc.
To impeach the creditof a witness the question should be formed on th eknoivledgt: of his general character, when on cadi.
The objection, that the court refused to permit an en-quiry into the general character of the witness, is removed by the enquiry which the court did actually permit; which was into his general character as a man of truth, when upon oath. The proper question in such case is, we think, “from your knowledge of the general character of the witness, do you believe he is entitled to credit when upon oath as a witness?” The person interrogated should draw the inference of veracity, or the contrary, from his knowledge of the general character of the witness, and give that inference to the jury. We cannot say the court erred in refusing a new trial. There was a variety of evidence, some of which conduced strongly to prove plaintiff’s cause of action: of that testimony, the jury were the proper judges.
Judgment must be affirmed with costs and damages.